## 73876. HUBBARD v. HUBBARD.
### (356 SE2d 541)

BIRDSONG, Chief Judge.

This is a discretionary appeal in a child custody case. The appellant is the mother of minor Daniel Hubbard, age 10, who resides now and since the past year with his father in Maryland. The appellant mother and the appellee father resided in Georgia during their marriage and were divorced in Cobb County in 1983. After the divorce, all parties and children lived in Georgia, but approximately a year ago, the appellee took the boy (and another child, of whom the mother now has custody in Georgia) to Arkansas to live with appellee's parents while he established employment and a home in Maryland. The child Daniel now lives with his father in Maryland. This was a petition for contempt proceedings and change of custody filed by the appellant mother in Cobb County, Georgia. The trial court dismissed the complaint for change of custody, holding simply: "This court . . . has determined that Daniel Adam Hubbard resides outside the State of Georgia and that the Respondent [father] resides outside the State of Georgia, *therefore*, this court finds that it does not have jurisdiction to change the custody of Daniel Adam Hubbard and all matters as to Daniel Adam Hubbard are hereby dismissed. . . ." (Emphasis supplied.) *Held*:

The trial court's determination that it did not have jurisdiction to hear the custody petition was based solely upon the fact that the child and the Respondent reside outside the State of Georgia. This was an error of law. OCGA § 19-9-43 (a) (2) provides courts of this state have jurisdiction to decide child custody matters based on such "significant connections" with this state as will render it in the child's best interests for a court of this state to assume jurisdiction. Paragraph (c) provides specifically: "Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody." The statute moreover does not provide that to exercise such jurisdiction, the court must find there to be an "emergency." The trial court's dismissal of the proceedings purely on the misapprehension the child and the appellee reside outside the state, *"therefore*, this court . . . does not have jurisdiction," is erroneous. The judgment of dismissal is reversed and the case remanded for further proceedings in accordance with the provisions of OCGA § 19-9-43 as to the question of jurisdiction and the merits.

*Judgment reversed and case remanded. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 9, 1987.

*Michael H. Saul*, for appellant.

*Lynn H. Whatley*, for appellee.